

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * * * * 5:19-cr-00206 |
| VERSUS | * Chief Judge Hicks * Magistrate Judge Hornsby * * |
| CAROL BATES (01) FAITH ALEXANDER (02) MARQUISE PERRY (03) | * * * |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
### 18 U.S.C. § 1349
### (Conspiracy to Commit Wire Fraud)

**AT ALL TIMES HEREIN RELEVANT:**

I.  BACKGROUND

A.   The Defendant, **Carol Bates ("Bates")**, was the Comptroller of the Bossier Parish Community College in Bossier City, Louisiana.

B.   Bossier Parish Community College ("BPCC") is a two-year institution of higher education located in Bossier City, Louisiana.

C.   BankMobile is a third party payment and banking company located in Connecticut that is used by BPCC to facilitate student refunds. Students have the option of having BankMobile deposit the refunds into their personal bank accounts, using a BankMobile debit card to access the funds, or receiving a personal check.

II. THE CONSPIRACY

Beginning on or about January 2013, and continuing until the present, in the Western District of Louisiana and elsewhere, the Defendants, **Carol Bates, Faith Alexander,** and **Marquise Perry**, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1343, namely, to knowingly devise a scheme and artifice to defraud Bossier Parish Community College and to obtain money and property, by means of materially false and fraudulent, pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds.

III. THE OBJECT OF THE CONSPIRACY

The object of the conspiracy was for the Defendants, **Carol Bates, Faith Alexander,** and **Marquise Perry**, and others known and unknown to the Grand Jury, to fraudulently obtain money from Bossier Parish Community College for their own use.

IV. MANNER AND MEANS OF THE CONSPIRACY AND THE SCHEME AND ARTIFICE TO DEFRAUD

The manner and means used by the defendants to accomplish the objectives of the conspiracy included but were not limited to the following:

A. It was part of the conspiracy and the scheme and artifice to defraud that defendant, **Carol Bates**, used her position as comptroller of Bossier Parish Community College to access an internal computer database and make fraudulent

entries which showed that **Alexander**, **Perry**, and others known and unknown to the Grand Jury were due a refund. In reality, the individuals were not due a refund. BPCC records show that **Bates'** user name and login information were used to input each fraudulent refund detailed below into the BPCC computer. As a result of the entries, BPCC caused refunds to be issued to **Alexander**, **Perry**, and others known and unknown to the Grand Jury. In total, **Bates** caused forty-five (45) fraudulent refunds totaling approximately $259,591.97 to be issued to seven (7) individuals.

B. Beginning in 2015 and continuing through 2016, **Perry**, received seven (7) BPCC refunds totaling approximately $49,524.65. Records indicate that the funds were transferred from BankMobile to **Perry's** personal Regions Bank Account No. 0915. For example, in the spring semester of 2016, **Perry** received three direct deposits from BPCC into Regions Bank Account No. 0915. The deposits totaled $19,561.19. **Perry** was not enrolled as a student at BPCC during that semester and was not due any refund.

C. Beginning in 2014 and continuing through 2016, an individual known to the Grand Jury, S.K., received seven (7) BPCC refunds totaling approximately $26,373.12. The funds were disbursed via wire transfer from a Bank Mobile account located in Connecticut to S.K.'s personal bank accounts in the Western District of Louisiana. S.K. was not entitled to a refund. Upon receiving the funds, and at **Bates'** direction, S.K. withdrew approximately half of the monies in cash and gave it to **Bates.**

D. Beginning in 2014 and continuing through 2015, an individual known to the Grand Jury, A.L., received six (6) fraudulent BPCC refunds totaling approximately $42,326.90. A.L. was enrolled as a student during the 2014 school year, but was not entitled to any of the refunds. As an example, on February 2, 2015, $7,264.73 was transferred into the BankMobile account of A.L. Beginning on February 11, 2015, four wire transfers totaling $3,425 were made from A.L.'s BankMobile account to **Bates'** Barksdale Federal Credit Union bank account, ending in 4102.

E. Beginning in 2014 and continuing through 2016, **Faith Alexander**, received eight (8) fraudulent BPCC refunds totaling approximately $45,482.65. **Alexander** was enrolled as a student for part of the time period, but was not entitled to any of the refunds. As an example, on February 3, 2016, $5,955 was transferred into **Alexander's** BankMobile account. Over the next few days, three wire transfers totaling $3,000 were made from **Alexander's** BankMobile account to the personal bank account of A.W., ending in 6700, located at Barksdale Federal Credit Union. A.W. is **Bates'** sister.

F. Beginning in 2016 and continuing through 2016, an individual known to the Grand Jury, D.D., received five (5) BPCC refunds totaling approximately $22,985. The funds were disbursed via wire transfer from a Bank Mobile account located in Connecticut to D.D.'s personal bank account located at Post Office FCU in the Western District of Louisiana. D.D. was not enrolled at BPCC during this time

and was not entitled to a refund. Upon receiving the funds, and at **Bates'** direction, D.D. withdrew approximately half of the monies in cash and gave it to **Bates.**

G. In 2016, an individual known to the Grand Jury, L.K., received two (2) BPCC refunds totaling approximately $9,802.49. The funds were disbursed via wire transfer from a Bank Mobile account located in Connecticut to L.K.'s personal bank account located at Chase Bank in the Western District of Louisiana. L.K. was enrolled at BPCC during this time but was not entitled to a refund. Upon receiving the funds, and at **Bates'** direction, L.K.'s mother, S.K., withdrew approximately half of the monies in cash and gave it to **Bates.**

H. Beginning in 2013 and continuing through 2016, an individual known to the Grand Jury, O.H., received ten (10) fraudulent BPCC refunds totaling approximately $63,097.16. The funds were disbursed to O.H.'s Bank Mobile account. O.H. was enrolled at BPCC during part of this time period but was not entitled to a refund. Upon receiving the funds, and at **Bates'** direction, O.H. withdrew approximately two-thirds of the monies from her BankMobile account in cash and gave it to **Bates.**

The allegations in Counts 2 - 13 are incorporated by reference as though fully set forth herein as part of the conspiracy to defraud.

All in violation of Title 18, United States Code, Section 1349 [18 U.S.C. § 1349]

COUNTS 2 - 13
18 U.S.C. § 1343
(Wire Fraud)

A.  The allegations in Count 1 are incorporated by reference as though fully set forth herein as the scheme and artifice to defraud.

B.  On or about the dates set forth below, in the Western District of Louisiana and elsewhere, the Defendants listed below, and others known and unknown to the Grand Jury, devised and intended to devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme, caused to be transmitted by means of wire communication in interstate commerce, the signals and sounds more specifically described below for each count, to wit: an electronic transfer of funds from a BankMobile account in Connecticut to the listed bank account located in the Western District of Louisiana:

| Count | Date of Transfer | Defendant | Amount Electronically Transferred | Receiving Bank Account | Account Owner |
|---|---|---|---|---|---|
| 2 | 9/8/2016 | **Carol Bates** | $6,542.12 | Chase #6745 | S.K |
| 3 | 6/19/2015 | **Carol Bates** | $4,700.00 | WESLA FCU #854 | S.K. |
| 4 | 2/18/2016 | **Carol Bates** | $4,104.00 | WESLA FCU #854 | S.K. |
| 5 | 9/8/2016 | **Carol Bates** | $4,456.49 | Chase #5501 | L.K. & S.K. |
| 6 | 11/24/2016 | **Carol Bates** | $5,346.00 | Chase #5501 | L.K. & S.K. |
| 7 | 2/10/2016 | **Carol Bates & Marquis Perry** | $8,453.73 | Regions #0915 | Marquise Perry |

| Count | Date of Transfer | Defendant | Amount Electronically Transferred | Receiving Bank Account | Account Owner |
|---|---|---|---|---|---|
| 8 | 9/13/2016 | Carol Bates & Marquis Perry | $5,533.73 | Regions #0915 | Marquise Perry |
| 9 | 10/24/2016 | Carol Bates & Marquis Perry | $5,533.73 | Regions #0915 | Marquise Perry |
| 10 | 1/7/16 | Carol Bates | $4,597.00 | Post Office FCU #75 | D.D. |
| 11 | 2/5/16 | Carol Bates | $4,597.00 | Post Office FCU #75 | D.D. |
| 12 | 6/7/16 | Carol Bates | $4,597.00 | Post Office FCU #75 | D.D. |
| 13 | 9/30/16 | Carol Bates | $4,597.00 | Post Office FCU #75 | D.D. |

All in violation of Title 18, United States Code, Sections 1343 and 2. [18 U.S.C. § 1343 & 2].

A TRUE BILL:

DAVID C. JOSEPH
United States Attorney

*REDACTED*

GRAND JURY FOREPERSON

By: _____
SETH D. REEG, LA Bar No. 34184
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA 71101
(318) 676-3600 – office
(318) 676-3663 – fax